# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RAHEIM MORGAN,
                Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
AT-0353-14-0669-I-1

DATE: January 14, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Eryca Bloom, Hialeah, Florida, for the appellant.

Dana E. Morris, Esquire, Memphis, Tennessee, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction the appellant's appeal of an alleged denial of restoration and an alleged suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant, a City Carrier whose position requires him to drive, is medically restricted from driving because he has narcolepsy. Initial Appeal File (IAF), Tab 4 at 11, 22-23. Thereafter, he was placed off duty because he could not perform his duties. *Id.* at 4-5. He filed an appeal in which he contended that the agency suspended him when it placed him off duty and that it denied a request for restoration. IAF, Tab 1.

¶3 The administrative judge issued an initial decision on the written record in which she found that the appellant failed to establish jurisdiction over his case as a denial of restoration appeal because there was no evidence that his medical condition was related to a compensable injury. Initial Decision (ID) at 2. She further found that he was not entitled to appeal the action as an alleged suspension because he lacked 1 year of current continuous service and thus did not have chapter 75 appeal rights. ID at 2-3.

¶4 The Federal Employees' Compensation Act and its corresponding regulations at 5 C.F.R. part 353 provide that federal employees who suffer on-the-job compensable injuries enjoy certain rights to be restored to their

previous or comparable positions. 5 U.S.C. § 8101, et seq.; *Tat v. U.S. Postal Service*, 109 M.S.P.R. 562, ¶ 9 (2008). A compensable injury is defined as one that is accepted by the Office of Workers' Compensation Programs (OWCP) as job-related and for which medical monetary benefits are payable from the Employees' Compensation Fund. *Frye v. U.S. Postal Service*, 102 M.S.P.R. 695, ¶ 9 (2006). Here, while it is not disputed that the appellant suffers from a medical condition that affects his ability to perform the full range of his duties, he has submitted no evidence to show that his condition has been accepted as job-related by OWCP or that he is receiving medical monetary benefits for it. Because the appellant has not shown that he has a compensable injury, he has not shown that he is an employee with restoration rights and, therefore, the administrative judge correctly dismissed his restoration claim for lack of jurisdiction.

¶5 In order for a preference-eligible Postal Service employee such as the appellant to appeal an adverse action, such as a suspension, under 5 U.S.C. chapter 75, he must have completed 1 year of current continuous service in the same or similar positions. *See, e.g.*, *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012). "Current continuous service" means a period of employment that immediately preceded the adverse action without a break in federal civilian service of a workday. *See, e.g.*, *Claiborne v. Department of Veterans Affairs*, 118 M.S.P.R. 491, ¶ 6 (2012). As the administrative judge correctly found, the appellant was serving in a temporary appointment of less than 1 year and it was preceded by a break in service of several workdays. ID at 3; *see* IAF, Tab 4 at 8, 10. Therefore, she correctly found that the appellant did not have 1 year of current continuous service and the Board lacks jurisdiction over his appeal as an alleged suspension.

¶6 On review, the appellant asserts that the agency is accommodating another employee with a driving restriction and he proffers argument about various alleged irregularities in the processing of his discrimination complaint and about

a minor typographical error in an agency pleading.  However, he does not address the administrative judge's jurisdictional findings or identify any error in the initial decision.  *See Farris v. U.S. Postal Service*, [101 M.S.P.R. 316](#), ¶ 7 (2006) (holding that, where the appellant discussed only the merits of her appeal but failed to address the jurisdictional issue noted in the administrative judge's acknowledgment order, she failed to introduce evidence establishing the Board's jurisdiction over her appeal).  Thus, we find that the appellant's petition for review provides no basis for disturbing the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](#) (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703](#)) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.